UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PEROTTI,

        Plaintiff,                            Case No. 05 - 60172

vs.
                                            HONORABLE JOHN CORBETT O'MEARA
                                            HONORABLE STEVEN D. PEPE

MS. MARBERRY et al.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pro se Plaintiff, John W. Perotti, is a prisoner incarcerated in the Federal Prison at Lexington, Kentucky. He was a long time state prisoner in Ohio prior to his federal felon in possession indictment in 2004. During his decades in state custody he has earned an Associates of Arts degree in Paralegal Services and has brought or been part of hundreds of prisoner civil rights cases. (Dkt. #1, Plaintiff's Complaint, paragraphs 10 - 11). On July 22, 2005, Plaintiff filed this Bivens action against several defendants in their individual and official capacities, alleging violations of the Americans with Disabilities Act (ADA), along with violations of his First, Fourth, Fifth, Eight and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). The Prison Litigation Reform Act of 1995 ("PLRA"), which applies to all claims filed after April 26, 1996, requires a prisoner to exhaust all administrative remedies before bringing a federal suit regarding prison conditions. 42 U.S.C. § 1997e(a). This requirement applies to all § 1983 claims that fall under "the definition of a 'civil action with respect to prison conditions' as set forth in 18 U.S.C.A. §

1

3626(g)(2)." *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999) (footnote omitted) (applying exhaustion requirement to prisoner's equal protection claim). That section provides:

> the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. . . .

18 U.S.C.A. § 3626(g)(2).

Pursuant to § 1997e(a), a prisoner may not bring a civil rights action regarding prison conditions unless administrative remedies have been exhausted. The PLRA provides in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief sought is not available in that grievance process. *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001). The Sixth Circuit has recently held that failure to file a grievance against any individual named in a complaint is a failure to show grievance exhaustion and requires dismissal of the suit as to all parties. *Jones Bey v. Johnson*, 407 F.3d 801 (2005). A Plaintiff can establish exhaustion "by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

### History and Analysis

Plaintiff alleges that various Defendants have:

> [R]etaliated against the Plaintiff for exercising his protected First Amendment rights, subjected him to cruel and unusual punishment and due process violations by being deliberately indifferent to his serious medical needs, confiscated and destroyed his active litigation case files as well as refused to notarize documents, resulting in the dismissal of lawsuits and appeals, and beat him down breaking his rib and causing intense physical and emotional pain.

Dkt. #1, Plaintiffs Complaint, p. 1

Plaintiff alleged exhaustion of his administrative remedies, attaching several documents showing exhaustion as exhibits to his complaint.[1] In addition to these exhibits, Plaintiff's complaint discusses his alleged exhaustion of his administrative remedies with regard to some of the Defendants.[2] Plaintiff has shown at least some evidence of administrative action against Defendants

---

[1] **Exhibit D**, Denial of Administrative Remedy Case # 373345, p. 5 (Detention Center Administrator's Secretary);
**Exhibit G-4**, Request for damages and reperations [sic] as result of this intentional confiscation & retaliation, p. 1 and 2 (Marshal's Dan Stech and Jason Place (corrected names));
**Exhibit H** (Ms. Morris, Ms. Cozza Rhodes and Dr. Malatinsky (corrected name));
**Exhibit I**, Regional Administrative Remedy Appeal, p. 1 (Ms. Morris and Ms. Marberry (corrected name)), a duplicate of page 5 of Exhibit D, p. 2, Request For Administrative Remedy, Case # 373345-F1, p. 4 (Ms. Morris);
**Exhibit I-2**, Regional Grievance, p. 1 (Ms. Cozza Rhodes and Mr. Hall), Request for Administrative Remedy, p. 2 (Ms. Cozza Rhodes), Administrative Remedy Informal Resolution, p. 3 and 4 (Warden Marberry (corrected name));
**Exhibit J**, Untitled complaint, p. 1 (Dr. Malatinsky (corrected name) and PA), Request for Administrative Remedy, p. 2 (Dr. Malatinsky (corrected name)), Untitled complaint, p. 3 (Warden Marberry (corrected name), Ms. Cozza Rhodes and Mr. Hall), Granting of Administrative Remedy (BP-229), p. 4 (Granting of Administrative Remedy regarding copies of medical records and proper medical care).
Dkt. #1, Plaintiff's Complaint

[2] **Paragraph 16**: Plaintiff states: "There is no Administrative Remedy to grieve rogue marshalls' [sic] actions. However, Mr. Perotti wrote three separate letters to the marshalls' [sic] supervisor about these incidents, .... Thus he has exhausted his remedies."
**Paragraph 21**: Plaintiff claims that all administrative remedies are "exhausted by grievances to Warden Tapia and CCA Central Office in Tennessee, who refuse to respond to said grievances."
**Paragraph 22**: Plaintiff states that he filed an informal and formal grievance on Defendant Marberry and that Defendant Marberry refused to act. Plaintiff also sent an appeal was sent on a BP13 to Regional and that Plaintiff has not received a ruling.

Defense Center Administrator Deborah Cozza Rhodes, notary Ms. Melody Morris and Dr. Malatinsky at the Milan Federal Convention Center, by attaching some copies of paperwork pertaining to administrative grievances.[3] Plaintiff offers no description of the administrative efforts in the compliant itself.

Additionally, Plaintiff has attached some evidence of complaints against Milan's Warden Ms. Marberry, deputy marshals Dan Stech (corrected name, was listed as Dan Foche in Plaintiff's Complaint), Mr. Jason Place (corrected name, was listed as Jason "Doe" in Plaintiff's Complaint) and Warden Tapia of the Northeast Ohio Correctional Corporation.[4] These exhibits, by themselves, are not sufficient evidence of exhaustion because they do not show completion of the administrative actions. Plaintiff's attempt to describe the grievance process with regard to Ms. Marberry, Mr. Foche, Mr. Doe, and Warden Tapia in his complaint, falls short of the standard set in *Knuckles-El*,

---

> **Paragraph 23**: Plaintiff stated that he "filed a BP10 grievance to Warden [Marberry] on Ms. Morrison. On May, 3, 2005, she denied relief. On May 8, an appeal to Regional was submitted."
> **Paragraph 26**: Plaintiff states that he exhausted all administrative remedies with regard to Milan FDC and that he grieved the issue informally, with no response, once he was transferred to a prison where no BOP grievance forms were available.
> **Paragraph 30**: Plaintiff explains his exhaustion with regard to his stay in a Lakewood, Ohio, jail and Defendant Maury:
>> Plaintiff was held in the Lakewood, Ohio, jail for only 8 days, then removed to Cleveland, Ohio. There is no grievance procedure available upon transfer, though Mr. Perotti wrote out an official letter/grievance to the head sheriff and judge on July 11, 2003. He reiterated all of the above. He never received a response and was then transferred to another jail, thus exhausting the only remedy available. Defendant Maury is a private nurse conspiring with state agents; thus no grievance is available for her.

Dkt #1, Plaintiff's Complaint

[3] Exhibit H, Exhibit I, Exhibit I-w, Exhibit J, *supra* note 2.

[4] Exhibit G-4, *supra* note 2.

4

to "describe with specificity the administrative proceeding and its outcome" when applicable written documentation is unavailable. *Knuckles-El*, 215 F.3d at 642.

Finally, Plaintiff attached no grievances for Lakewood, Ohio, law enforcement Defendants Fritsch, Favre, Sacco, Kaucheck, Guzic, John Doe or Lakewood Hospital Nurse L. Maury, nor has Plaintiff alleged exhaustion against them, stating in his complaint only that he exhausted "the only remedy available" by writing an "official" letter/grievance to the head sheriff. (Plaintiff's Brief, paragraph 30). Plaintiff did not attach the letter that he claims to have written to the head sheriff, nor has he explained the contents of the letter anywhere in his complaint.

Therefore, Plaintiff has failed to show exhaustion of his administrative remedies as to Defendants Marberry, Stech, Place, Tapia, Fritsch, Favre, Sacco, Kaucheck, Guzic, John Doe and Nurse L. Maury. Applying the total exhaustion requirement as clarified in *Jones Bey v. Johnson*, the failure to show exhaustion of administrative remedies against each of the Defendants, requires dismissal as to all defendants.

**In Forma Pauperis (IFP) Status and Payment of Filing Fee**

Plaintiff was given IFP status by Magistrate Judge R. Steven Whalen on September 9, 2005. Plaintiff's Addendum of Prior Actions lists ten previous actions brought by Plaintiff and notes: "Most of Mr. Perotti's files have been trashed by US Marshalls [sic], so he lists prior actions to the best of his ability and reserve [sic] the right to supplement." (Dkt. #1, Plaintiff's Complaint). Defendants Marberry, Cozza Rhodes, Morris and Malatinsky's Notice of Waiver of Reply (Dkt. #38) noted that Plaintiff has filed many more than the 10 cases he listed in his Complaint. Defendants' suggestion that Plaintiff's claim should be dismissed because of the "three strikes"

5

provision of 28 U.S.C. § 1915(g)[5], was met with a seemingly conciliatory Response from Plaintiff that indicated that he would pay the filing fee in full and thus "the three strikes clause has not been violated and this court need not make that determination at this time." (Dkt. #52, Plaintiff's Memo Contra Defendants Notice of Waiver of Reply). Because the IFP issue will become moot upon the dismissal of this complaint for failure to exhaust, there is no need to order Plaintiff to show cause why his IFP status should not be revoked, nor obtain documents from other courts in order to determine whether or not Plaintiff's IFP status should have been revoked.

Therefore, it is recommended that Plaintiff's Motion for Reconsideration (Dkt. #18) and Plaintiff's Motion for an Order to release funds (Dkt. #57) are denied as moot.

**Dismissal of Other Pending Motions**

In recommending the dismissal of Plaintiff's complaint, it is recommended that the following motions pending in this case should also be dismissed as moot, without prejudice:

1. Defendant Tapia's Motion to Dismiss (Dkt. #22).

2. Plaintiff's Motion to Compel (Dkt. #26).

3. Defendants Foche, LNU, Jason and Tapia's Motion to Dismiss (Dkt. #28).

4. Defendants Fritsch, Favre, Sacco, Kaucheck and Guzic's Motion to Dismiss (Dkt. #36).

---

[5] The Prisoner Litigation Reform Act states that:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g)

    5. Defendant Tapia's Motion for Judgment on the Pleadings (Dkt. #37).

    6. Plaintiff's Motion to Appoint Counsel (Dkt. #42).

    7. Plaintiff's Motion to Extend Time to Respond (Dkt. #48).

    8. Plaintiff's Motion to Strike (Dkt. #51).

    9. Plaintiff's Motion to Appoint expert witness (Dkt. #54).

    10. Plaintiff's Motion to Strike Supplemental Document (Dkt. #61).

**Recommendation**

For the reasons stated above, it is RECOMMENDED that Plaintiff's complaint be dismissed against all Defendants for failure to exhaust administrative remedies against all defendants. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Dated: April 17, 2006                                                            s/Steven D. Pepe
Ann Arbor, Michigan                                                              United States Magistrate Judge

Certificate of Service

    I hereby certify that a copy of this Report and Recommendation was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on April 17, 2006.

                                                   s/William J. Barkholz
                                                   Courtroom Deputy Clerk