UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PEROTTI,　　　　　　　　　　　　No. 05-60172

　　　　　Plaintiff,　　　　　　　　　　　　District Judge John Corbett O'Meara

v.　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

MS. MARLBERRY, ET AL.,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　/

**OPINION AND ORDER GRANTING COSTS**

Before the Court is Plaintiff's self-styled Motion for Relief From and Objection to 'Taxed Costs' Denying him Filing Fee Costs [Docket #92], along with his Exhibit [Docket #93]. This motion flows out of Plaintiff's previous submission of a bill of costs to the Clerk's Office [Docket #88], and the Clerk's Office denial of costs [Docket #90].[1]

On February 17, 2010, the Court construed Plaintiff's motion for relief [Docket #92] as a motion for taxation of costs, and entered an order for Defendants to respond, stating:

> "Given Plaintiff's *pro se* status, and the Court's duty to construe his pleadings liberally, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court will construe his motion [Docket #92] not as a motion for reconsideration or a 'motion for relief' from a previous order, but as an original motion for taxation of costs."

For the reasons discussed below, I will GRANT Plaintiff's motion [Docket #92], and award costs associated with the filing fee for the Court of Appeals, in the amount of

---

[1] More specifically, the Clerk's Office awarded costs in the amount of $0. The "Clerk's Comments" section of the form order stated, "No court order allowing costs pursuant to Fed.R.App.P. 39."

-1-

$455.00.

## I. BACKGROUND FACTS

The procedural history of this case was set forth in the Sixth Circuit's Order of July 30, 2008, remanding to this Court [Docket #81]. On July 22, 2005, Plaintiff filed a civil rights complaint against the Warden of the Federal Correctional Institution at Milan, Michigan, and others. He alleged violations of his constitutional rights under the First, Fourth, Fifth, Eight, and Fourteenth Amendments, as well as violations of the federal Americans with Disabilities Act. On April 17, 2006, Magistrate Judge Steven D. Pepe issued a Report and Recommendation ("R&R"), finding that Plaintiff had not exhausted his administrative remedies against some (but not all) of the Defendants, and that therefore, under the then-extant "total exhaustion" rule of *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), the entire complaint was subject to dismissal. The District Judge adopted the R&R, and dismissed the case on June 1, 2006.

Plaintiff appealed to the Sixth Circuit. While the case was pending, the Supreme Court decided *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), which overruled *Jones-Bey* and abrogated the total exhaustion rule. Accordingly, the Sixth Circuit in this case "conclude[d] that the district court's decision must be vacated and remanded."

Plaintiff then filed a bill of costs in the Sixth Circuit, in the amount of $455.00, the filing fee for the appeal. On October 22, 2008, the Sixth Circuit ordered "that the bill of costs is hereby REMANDED to the district court for consideration." *Sixth Circuit Order*, Docket #93. On February 11, 2009, Plaintiff filed a bill of costs in this Court [Docket #88]. As noted above, the Clerk's Office denied costs because there had been no court order. Plaintiff filed the present motion on March 3, 2009.

## II. DISCUSSION

Under Fed.R.App.P. 39(a)(4), "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." In the present case, this Court's decision dismissing the complaint was vacated by the Sixth Circuit. Under Fed.R.App.P. 39(e)(4), "the fee for filing the notice of appeal" is taxable in the district court. Notwithstanding Defendants' argument to the contrary, there is nothing ambiguous about this rule, and the Sixth Circuit's order of October 22, 2008 makes clear that this Court is charged with deciding Plaintiff's request for taxation of costs.

As a general principle, a prevailing party is entitled to costs, including filing fees. *See e.g.* Fed.R.Civ.P. 54(d) ("costs shall be allowed as of course to the prevailing party unless the court otherwise directs..."). A request for costs is addressed to the Court's discretion. *See White & White, Inc. v. Am. Hosp. Supply Corp.,* 786 F.2d 728, 730 (6th Cir.1986). In *Texas State Teachers Assn. V. Garland Independent School Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Court defined "prevailing party" as follows:

> "Thus, at a minimum, to be considered a prevailing party...the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."

In *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 604-605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Court reiterated the "change of legal relationship" test, adding that such change must carry some judicial *imprimatur*, not merely be the result of a defendant's voluntary conduct.

Thus, Defendants' argument that the Plaintiff's request for his appellate filing fee is premature because he has not prevailed on the merits is unavailing. Plaintiff does not

have to ultimately win on the merits to recoup his appellate filing fee. In this case, the Sixth Circuit clearly changed the legal relationship between the parties by vacating this Court's order dismissing the complaint, which makes the Plaintiff a prevailing party.

Of course, Fed.R.App.P. 39(a) is clear on its face that if a district court's judgment is vacated, as it was in the present case, costs may be taxed. There is nothing in the Rule that creates an exception where the appellate court's decision is based on intervening law, or where the case is remanded for further proceedings. I therefore find that pursuant to Fed.R.App.P. 39(a)(4) and (e)(4), Plaintiff is entitled to tax as a billable cost his appellate filing fee, in the amount of $455.00.

### III. CONCLUSION

Plaintiff's Motion for Relief From and Objection to 'Taxed Costs' Denying him Filing Fee Costs [Docket #92] is construed as a motion for taxation of costs, and is GRANTED. Costs are assessed against the Defendants and in favor of the Plaintiff in the amount of $455.00.

IT IS SO ORDERED.

                                                  s/R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: March 29, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 29, 2010.

                                                  s/Susan Jefferson
                                                  Case Manager