EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PEROTTI,  No. 05-60172

    Plaintiff,  District Judge John Corbett O'Meara

v.  Magistrate Judge R. Steven Whalen

MS. MARLBERRY, ET AL.,

    Defendants.
    _____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction [Docket #95], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motion be DENIED.

### I. BACKGROUND FACTS

On July 22, 2005, Plaintiff, a prison inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). His claims include deliberate indifference to his medical needs and excessive force, in violation of the Eighth Amendment, retaliation for exercise of First Amendment rights, and denial of access to the courts. He also brings claims under the Americans with Disabilities Act and the Rehabilitation Act.

Plaintiff filed the present motion for a temporary restraining order ("TRO") or preliminary injunction on January 7, 2010. At that time, he was incarcerated at the federal correctional facility in Terre Haute, Indiana. He is presently incarcerated at the

Coleman I facility in Coleman, Florida. In his motion, he states that while at Terre Haute, he received medical treatment for chronic pain, and was evaluated for further treatment, until Defendant Deborah Cozza Rhodes became an assistant warden at that facility. Since that time, Plaintiff says, his "effective medical treatment has all been cancelled, without any examination, interview or reasons given." In addition, he says, he was placed on "investigation status," where he is apparently isolated from other inmates. He claims that all of this was done in retaliation for filing lawsuits.

Plaintiff asks the Court for a TRO and/or a preliminary injunction to "reinstate" medical treatment and to restrain future transfers to other prisons.

## II. STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, including a TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."

*Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to injunctive relief, and their burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III. DISCUSSION

Plaintiff's request for injunctive relief must be denied because he has virtually no likelihood of success on the merits. This is so for several reasons. First, he has already been transferred to another prison, a fact which renders claimed injunctive relief moot. *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996). *See also Becker v. Montgomery*, 43 Fed.Appx. 914, 915, 2002 WL 1869403, *1 (6th Cir. 2002) ("A prisoner's request for injunctive and declaratory relief from corrections officials is moot upon his transfer to a different facility....Thus, to the extent that Becker's request for injunctive relief concerns incidents that did not occur at his current facility, the request is not reviewable, as it is now moot")(citing *Kensu*).

On a related note, Plaintiff is no longer subject to the supervision of Defendant

Cozza Rhodes, assistant warden at the Terre Haute facility. There are no named Defendants at the Coleman I facility in Florida, where Plaintiff currently resides. This Court has no authority to order relief for a non-party based on claims arising in a different district. If Plaintiff has an Eighth Amendment claim for deliberate indifference or a First Amendment retaliation claim at his new facility, his remedy is, first, through the BOP's grievance procedure, and then by filing a complaint in district court in Florida. Thus, even apart from this Court's lack of personal jurisdiction over putative Florida defendants, to grant relief to Plaintiff in this case would circumvent the exhaustion requirement of 42 U.S.C. § 1997e(a).

Plaintiff's allegations center on the actions and misdeeds of Defendant Cozza Rhodes, and he has not alleged that he is being denied medical treatment at the Coleman I facility. In any event, this Court is ill-equipped to micro-manage medical treatment or second-guess the BOP's administrative decisions, including transfers. *See Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"); *Bruce v. Ylst,* 351 F.3d 1283, 1290 (9th Cir.2003) ("[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill equipped"). In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have

also recognized the wide-ranging deference to be accorded the decisions of prison administrators."

Finally, in terms of his request to restrain any prison transfers, Plaintiff has not alleged any non-speculative facts that would overcome the general rule that "a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility." *Hix v. Tennessee Dept. of Corrections*, 196 Fed.Appx. 350, 358, 2006 WL 2431103, 7 (6th Cir. 2006), citing *Siggers-El v. Barlow,* 412 F.3d 693, 704 (6th Cir.2005). In *Siggers-El*, the court held that the transfer of a prisoner *may* rise to the level of unconstitutional retaliation where there are foreseeable consequences to the transfer that would inhibit the prisoner's ability to access the courts. As was the case in *Hix*, there are no such foreseeable consequences here.

Given the almost certain probability of Plaintiff's failure on the merits, it is not necessary to discuss the other *Overstreet* factors in detail, other than to note that Plaintiff has not shown that he will suffer irreparable harm if injunctive relief is denied. As to the last two factors, the BOP has an interest in promulgating and enforcing prison regulations, including reasonable rules involving prisoner health care and prison discipline. The public has an interest both in ensuring that prison inmates are afforded their constitutional rights, and also in having a well-regulated and operated prison system.

The Plaintiff has not met his substantial burden of showing entitlement to the extraordinary remedy of injunctive relief, and therefore his motion should be denied.

### IV.  CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction [Docket #95] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 8, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 8, 2010.

                                                                                    S/G. Wilson
                                                                                    Judicial Assistant