UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PEROTTI, #39656-060

        Plaintiff,

v.

MS. MARLBERRY, ET AL.,

        Defendants.

Case No. 05-60172

District Judge John Corbett O'Meara

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Plaintiff John Perotti, a federal prison inmate, has filed a *pro se* civil complaint against a number of Defendants, including Deputy United States Marshals Jason Place and Dan Stech. Before the Court is Place and Stech's Motion to Dismiss [Doc. #131], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion be GRANTED, and that the complaint against Defendants Place and Stech be DISMISSED WITH PREJUDICE.

### I.   BACKGROUND

In his complaint, the Plaintiff claims that Deputy U.S. Marshals Place and Stech, who live and work in Ohio, retaliated against him for being a prison paralegal, or, in common parlance, a "jailhouse lawyer." Both Defendants are alleged to have disposed of Plaintiff's personal property, and failed to mail him certain legal materials when he was transferred to FCI Milan in Michigan, in derogation of his First Amendment right to

access the courts.[1] All of the Defendants' alleged conduct took place in Ohio. *See Complaint*, ¶¶ 6, 13-16.

Plaintiff filed the present complaint on July 22, 2005. On September 7, 2005, he filed a complaint in state court in Ohio, setting forth the same allegations against Place and Stech. *See* Ohio Complaint, Exhibit B to Defendants' motion. That case was removed to the United States District Court for the Northern District of Ohio. On August 3, 2009, that court adopted a Magistrate Judge's Report and Recommendation in full, and dismissed the case. *See* Defendants' Motion, Exhibit D. The basis of the dismissal was the court's finding that Defendants Place and Stech were protected by qualified immunity.

Defendants seek dismissal under Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction)[2] and Fed.R.Civ.P. 12(b)(6) (failure to state a claim on which relief can be granted).

## I.   STANDARD OF REVIEW

### A.   Rule 12(b)(2)

A *Bivens* suit against defendants named in their individual capacity requires personal jurisdiction. *Robertson v. Merola*, 895 F.Supp. 1,3 (D.D.C. 1995); *Gilbert v. DaGrassa*, 756 F.2d 14551459 (6th Cir. 1985). A plaintiff must plead facts establishing personal jurisdiction over the defendants, and the plaintiff has the burden of making at least a *prima facie* showing of personal jurisdiction. *See Gilbert*; *Gould v. P.T. Krakatau*

---

[1] Because Plaintiff alleges in effect that federal agents acting under color of law deprived him of a right secured by the Constitution, this case falls within the purview of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), regardless of whether or not Plaintiff also makes claims under the Federal Tort Claims Act.

[2] Counsel for Defendants states that he has entered "a limited appearance for purposes of this motion only, without answering the complaint." Defendants' Motion, p.1.

*Steel*, 957 F.2d 573, 575 (8th Cir. 1992); *Kerry Steel, Inc. v. Paragon Indust., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). "Without personal jurisdiction over an individual...a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

### B. Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.—, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief. *Iqbal*, 129 S.Ct. at 1950.

### III. DISCUSSION

### A. Personal Jurisdiction

In *Kerry Steel, Inc. v. supra*, 106 F.3d at149, the Court described the two methods

-3-

by which a federal court could acquire personal jurisdiction over a defendant:

> "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum. *Helicopteros Nacionales de Colombia S.A., v. Hall,* 466 U.S. 408, 414-415 & nn. 8-10, 104 S.Ct. 1868, 1872 & nn. 8-10, 80 L.Ed.2d 404 (1984); *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990)."

Plaintiff has not made a *prima facie* showing that Defendants Place and Stech have "continuous and systematic contacts" with the State of Michigan. His argument that as federal law enforcement officers, Deputy U.S. Marshals have sufficient contacts with all 50 states is completely without merit, and not surprisingly, Plaintiff has not cited a single case in support of that proposition. Moreover, the complaint alleges that all acts performed by these Defendants were performed in the State of Ohio, not Michigan.[3]

Because the Court does not have personal jurisdiction over these Defendants, they must be dismissed under Rule 12(b)(2).

### B.  Rule 12(b)(6)

The complaint against Defendants Place and Stech is also barred under the doctrine of *res judicata*. In *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997), the Court described the application of *res judicata*, or claim preclusion, as follows:

> "Under this Court's articulation of res judicata, a claim will be barred by

---

[3] M.C.L. § 600.705, Michigan's long-arm statute, provides no basis for personal jurisdiction.

>prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"*;* (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir.1995), *cert. denied,* 517 U.S. 1220, 116 S.Ct. 1848, 134 L.Ed.2d 949 (1996); *Sanders Confectionery Prods. v. Heller Financial, Inc.,* 973 F.2d 474, 480 (6th Cir.1992). (Emphasis omitted).

An comparison of the present complaint with the Ohio complaint (Defendants' Exhibit B) and the Northern District of Ohio's dismissal of that complaint (Defendants' Exhibit D) reveals that all four elements of *res judicata* have been met. First, the Ohio case was dismissed on the merits, based on qualified immunity. It was not, as Plaintiff suggests, dismissed without prejudice on exhaustion grounds. Second, this case and the Ohio case involve exactly the same parties. Third, the Ohio case involved the precise issues alleged in this case. To the extent that Plaintiff is arguing that his complaint alleges some separate tort claim, that is a claim that *could have been raised* either on the basis of federal or Ohio state law. And finally, the causes of action in the two cases are identical.

The Plaintiff's claims against Defendants Place and Stech have already been ruled on in federal court in Ohio. He lost. The application of *res judicata* bars relitigation of the case in this Court.

### IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Doc. #131] be GRANTED, and that the complaint against Defendants Place and Stech be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D.

Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 30, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 30, 2012.

| | |
|---|---|
| John Perotti, 39656-060 | s/Johnetta M. Curry-Williams |
| U.S. Penitentiary | Case Manager |
| Inmate Mail/parcels | |
| PO Box 300 | |
| Waymart, PA 18472-0800 | |