UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PEROTTI,

    Plaintiff,

v.

MS. MARLBERRY, ET AL.,

    Defendants.
                                                       /

Case No. 05-60172

District Judge John Corbett O'Meara

Magistrate Judge R. Steven Whalen

**ORDER**

Before the Court are (1) Plaintiff's Motion to Stay [Doc. #145], in which he seeks additional time for discovery with regard to Defendants' motion to dismiss [Doc. #139], and (2) Plaintiff's Motion to Convert Motion to Dismiss to Motion for Summary Judgment [Doc. #146]. For the reasons discussed below, both motions will be DENIED.

The motion to dismiss [Doc. #139] is based in part on Plaintiff's alleged failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court held that it is a defendant's burden to assert non-exhaustion as an affirmative defense. In meeting that burden, a defendant must necessarily present evidence, in the form of grievance documentation, affidavits, prison grievance procedures, or other material, showing that a claim has not been properly exhausted. However, while designated a "motion to dismiss," a defendant's motion is not necessarily either a Rule 12(b)(6) or a summary judgment motion.

In the context of the PLRA, a plaintiff's failure to exhaust administrative remedies does not seem to fit within Fed.R.Civ.P. 12(b)(6). After *Jones v. Bock*, failure to exhaust is

-1-

not a pleading requirement, so there is no determination of whether a plaintiff has stated a claim on the face of the complaint. And unlike the typical 12(b)(6) motion, dismissal is without prejudice.[1] Rule 12(b)(1) (subject matter jurisdiction) clearly does not apply, since "the PLRA exhaustion requirement is not jurisdictional." *Woodford v. Ngo*, 548 U.S. 81(2006). Summary judgment seems inapposite since there is no determination of the merits of the case, and "judgment" is not entered. *See Studio Electrical Technicians Local 728 v. International Photographers of Motion Picture Industries, Local 659*, 598 F.2d 551, 552 (9th Cir. 1979) ("Summary judgment is on the merits," and failure to exhaust, as a matter in abatement, "ordinarily" does "not deal with the merits."). *But see McCloy v. Corr. Med. Srvcs., supra* (treating exhaustion motion as a motion for summary judgment).

A number of courts have characterized a request to dismiss for failure to exhaust nonjudicial remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). *See also*

---

[1] If viewed as a Rule 12(b)(6) motion, a dismissal for failure to exhaust could also lead to the dismissal counting as a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g), which precludes granting IFP status to an inmate who has had three or more previous civil actions dismissed as frivolous or for failure to state a claim. In *Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 438 (6th Cir. 2007), the Sixth Circuit stated in dicta:

> "With regard to exhaustion, both section 1915(g)'s text and our desire for clarity point toward the same rule: if the court dismisses an unexhausted complaint on a Rule 12(b)(6) motion or if it dismisses the complaint *sua sponte* and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike. But if the court dismisses the complaint on some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment, the dismissal will not count as a strike."

Nevertheless, in *Booth v. Carril*, 2007 WL 295236, *3-4 (E.D. Mich. 2007), the court held categorically that "a routine dismissal for failure to exhaust administrative remedies does not count as a 'strike' under § 1915(g)." *See also Green v. Young*, 454 F.3d 405 (4th Cir. 2006) ("Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute."); *Snider v. Melindez, supra*. I am inclined to agree with the reasoning of *Booth*, *Green* and *Snider*. However, the absence of a clear directive from the Sixth Circuit is yet another reason to not treat these matters as Rule 12(b)(6) motions.

*Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies...is an unenumerated 12(b) motion....").

In terms of Plaintiff's present motion to stay, he has not shown any basis to delay a ruling on the exhaustion issue. The motion was filed almost six months ago, and Plaintiff has not shown why he does not have, or has not been able to obtain, documentation to rebut the Defendants' allegation of non-exhaustion. And, as discussed above, it would not be appropriate to "convert" the Defendants' motion to a summary judgment motion as opposed to viewing it as an unenumerated Rule 12(b) motion to dismiss.

Accordingly, Plaintiff's Motion to Stay [Doc. #145] is DENIED.

Plaintiff's Motion to Convert Motion to Dismiss to Motion for Summary Judgment [Doc. #146] is DENIED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 31, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 31, 2012.

| | |
|---|---|
| John Perotti, #39656-060<br>Canaan U.S. Penitentiary<br>Inmate Mail/Parcels<br>P.O. Box 300<br>Waymart, PA 18472 | s/Johnetta M. Curry-Williams<br>Case Manager |