UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PEROTTI, #39656-060,

          Plaintiff,

v.

MS. MARLBERRY, ET AL.,

          Defendants.

Case No. 05-60172

District Judge John Corbett O'Meara

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Plaintiff John Perotti, a federal prison inmate, has filed a *pro se* civil complaint against a number of Defendants, including Warden Tapia of the Northeast Ohio Correctional Center. On July 3, 2012, Defendant Tapia filed a motion to dismiss, arguing *res judicata* [Doc. #154]. On August 3, 2012, the Court ordered Plaintiff to respond to Tapia's motion. In lieu of responding, Plaintiff filed a "Voluntary Dismissal of Warden Tapia–Without Prejudice" [Doc. #169]. Both matters are before me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons discussed below, I recommend that Plaintiff's request for voluntary dismissal [Doc. #169] be GRANTED, and that Warden Tapia be DISMISSED WITH PREJUDICE. This would, of course, render Tapia's motion to dismiss [Doc. #154] moot.

In the alternative, and achieving the same result, I recommend that Warden Tapia's motion to dismiss [Doc. #154] be GRANTED, and that the complaint against him be DISMISSED WITH PREJUDICE.

### I.  BACKGROUND

In his complaint, the Plaintiff's claims against Defendant Tapia arise out of events that took place while he was incarcerated in the Northern District of Ohio, where Tapia is the Warden of the Northeast Ohio Correctional Center. Plaintiff filed the present complaint on July 22, 2005. On September 7, 2005, Plaintiff filed a complaint in state court in Ohio, setting forth the same allegations against Tapia. That case was removed to the United States District Court for the Northern District of Ohio. On August 3, 2009, that court adopted a Magistrate Judge's Report and Recommendation in full, and dismissed the case.

On January 30, 2012, I filed a Report and Recommendation that Defendants Place and Stech, who were also employed at the federal prison in Ohio, be dismissed for lack of personal jurisdiction (they had no connection to the Eastern District of Michigan), and under the principle of *res judicata* (based on the dismissal by the Northern District of Ohio) [Doc. #141]. The Honorable John Corbett O'Meara adopted the R&R and dismissed Place and Stech [Doc. #150].

In his Voluntary Dismissal [Doc #169], Plaintiff states, "Rather than waste time getting an identical ruling to that of the U.S. Marshals [Place and Stech], plaintiff feels it is in the best interest of this litigation to dismiss Tapia as a defendant."

Defendant Tapia contends that Plaintiff's notice of voluntary dismissal is procedurally defective, but "is willing to accept Plaintiff's apparent offer to stipulate to dismissal of the claims against Warden Tapia in this case." [Doc. #170].

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 41(a) establishes the procedure for the voluntary dismissal of actions in federal court. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court orderby either filing a notice of dismissal before the opposing party serves an answer or a

motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Where an answer has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides as follows:

> (2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the courterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). "When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal." *Tapco Intern. Corp. v. Dinesol Bldg. Products, Ltd.,* 2007 WL 2710115, *2 (E.D.Mich.2007), citing *Burnette v. Godshall,* 828 F .Supp. 1433, 1439 (N.D.Cal.1993), *aff'd,* 72 F.3d 766 (9th Cir.1995).

### B.   Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, --- U.S.—, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief. *Iqbal*, 129 S.Ct. at 1950.

### III.   DISCUSSION

Both Plaintiff and Defendant Tapia agree that the complaint may be dismissed against Tapia. Since Tapia filed a responsive pleading, the operative standard is Rule 41(a)(2), which requires a court order. The Court must also determine whether the dismissal will be with or without prejudice.

The problems with the complaint against Tapia are the same as discussed in my previous Report and Recommendation to dismiss Defendants Place and Stech. *See* Doc. #141. Those Defendants were dismissed on the basis of *res judicata*, and likewise with Tapia, all four elements of *res judicata* have been met. First, the Ohio case was dismissed on the merits, with prejudice; this case and the Ohio case involve exactly the same parties; the Ohio case involved the precise issues alleged in this case; and finally, the causes of action in the two cases are identical. *See Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

In addition, as discussed in my previous Report and Recommendation [Doc. #141], this Court does not have personal jurisdiction over Warden Tapia of Ohio. A plaintiff must plead facts establishing personal jurisdiction over the defendants, and the plaintiff has the burden of making at least a *prima facie* showing of personal jurisdiction. *See*

*Gilbert*; *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992); *Kerry Steel, Inc. v. Paragon Indust., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). Plaintiff has not made a *prima facie* showing that Defendants Place and Stech have "continuous and systematic contacts" with the State of Michigan. *Id*. Moreover, the complaint alleges that all acts allegedly performed by these Warden Tapia were performed in the State of Ohio, not Michigan.[1]

For these reasons, the dismissal of Warden Tapia should be with prejudice.

## IV.   CONCLUSION

I therefore recommend that Plaintiff's request for voluntary dismissal [Doc. #169] be GRANTED, and that Warden Tapia be DISMISSED WITH PREJUDICE. This would, of course, render Tapia's motion to dismiss [Doc. #154] moot.

In the alternative, and achieving the same result, I recommend that Warden Tapia's motion to dismiss [Doc. #154] be GRANTED, and that the complaint against him be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

---

[1] M.C.L. § 600.705, Michigan's long-arm statute, provides no basis for personal jurisdiction.

1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Date: December 10, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on December 10, 2012.

John Perotti, #39656-060            Johnetta M. Curry-Williams
Fairton Federal Correctional Institution   Case Manager
Inmate Mail/Parcels
PO Box 420
Fairton, NJ 08320-0420