UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PEROTTI, #39656-060,

        Plaintiff,

v.

MS. MARLBERRY, ET AL.,

        Defendants.

Case No. 05-60172

District Judge John Corbett O'Meara

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Plaintiff John Perotti, a federal prison inmate, filed a *pro se* civil complaint against a number of Defendants, pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Most of the Defendants have been dismissed. The remaining Defendants are:

    -Dan Foche and Jason LNU, Deputy United States Marshals in Cleveland, Ohio.

    -Lakewood, Ohio Police Detectives Fritsch, Favre, Sacco, Kauchedk, and Guzic, and Patrolman "John Doe."

    -L. Maury, a Registered Nurse in Lakewood, Ohio.

For the reasons discussed below, I recommend that the Complaint be DISMISSED as to all the remaining Defendants.

### I.  FACTS

At the time of the events that form the basis of this Complaint, Mr. Perotti was a federal pretrial detainee in Ohio, in the custody of the U.S. Marshals. He alleges that in retaliation for having been a "jailhouse lawyer" who sued government officials,

Defendants Foche and Jason "LNU" threw out several hundred dollars worth of his personal property.

Mr. Perotti also claims that on July 10, 2004, he was confined in the jail in Lakewood, Ohio. He alleges that Defendants Fritsch, Favre, Sacco, Kaucheck and Guzic punched, kicked and beat him for refusing to make a statement. He brings an excessive force claim against these Defendants under 42 U.S.C. § 1983. He further claims that Defendant Maury, a nurse who was "acting in conspiracy" with the officers, violated his rights by refusing treatment. He states that a Patrolman "John Doe" was part of the alleged conspiracy.

On January 6, 2006, the Ohio Police Officers filed a motion to dismiss [Doc. #36], based on failure to exhaust administrative remedies and lack of personal jurisdiction. On March 6, 2006, Mr. Perotti filed a "Notice of Voluntary Dismissal Without Prejudice" as to the Ohio Police Officers, stating that they were "named Defendants in federal court in Youngstown, Ohio, where plaintiff will litigate his action against them." [Doc. #49]. However, an order of dismissal was never entered.

Federal actors in Ohio also filed a motion to dismiss [Doc. #28]. Although this Court granted the federal Defendants' motion to dismiss on exhaustion grounds, the Sixth Circuit reversed that decision based on the intervening case of *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and remanded back to this Court [Doc. #81]. However, in its opinion, the Sixth Circuit observed that "Perotti later withdrew his complaint against the Ohio officials, leaving only federal employees and officials as named defendants.

On January 30, 2012, I filed a Report and Recommendation, recommending that Defendants Jason Place and Dan Stech, Deputy U.S. Marshals in Ohio, be dismissed,

based in part on lack of personal jurisdiction [Doc. #141]. The District Judge adopted the Report and Recommendation and dismissed Place and Stech on March 9, 2012 [Doc. #150].

Defendant Maury was never served with a summons and complaint. *See* Doc. #7 (summons returned unexecuted).

## II. STANDARD OF REVIEW

### A. Voluntary Dismissal

Fed.R.Civ.P. 41(a) establishes the procedure for the voluntary dismissal of actions in federal court. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Where a responsive pleading has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides as follows:

> (2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the courterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). "When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal." *Tapco Intern. Corp. v. Dinesol Bldg. Products, Ltd.,* 2007 WL

based in part on lack of personal jurisdiction [Doc. #141]. The District Judge adopted the Report and Recommendation and dismissed Place and Stech on March 9, 2012 [Doc. #150].

Defendant Maury was never served with a summons and complaint. *See* Doc. #7 (summons returned unexecuted).

## II. STANDARD OF REVIEW

### A. Voluntary Dismissal

Fed.R.Civ.P. 41(a) establishes the procedure for the voluntary dismissal of actions in federal court. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Where a responsive pleading has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides as follows:

> (2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the courterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). "When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal." *Tapco Intern. Corp. v. Dinesol Bldg. Products, Ltd.,* 2007 WL

2710115, *2 (E.D.Mich.2007), citing *Burnette v. Godshall,* 828 F .Supp. 1433, 1439 (N.D.Cal.1993), *aff'd,* 72 F.3d 766 (9th Cir.1995).

### B.     Fed.R.Civ.P. 12(b)(2)

A plaintiff must plead facts establishing personal jurisdiction over the defendants, and the plaintiff has the burden of making at least a *prima facie* showing of personal jurisdiction. *See Gilbert*; *Gould v. P.T. Krakatau Steel*, 957 F.2d 573, 575 (8th Cir. 1992); *Kerry Steel, Inc. v. Paragon Indust., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). "Without personal jurisdiction over an individual...a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

### III.     DISCUSSION

#### A.     Voluntary Dismissal

Mr. Perotti has sought the voluntary dismissal of Defendants Fritsch, Favre, Sacco, Kaucheck and Guzic and Doe, stating that he was pursuing his § 1983 against them in federal court in Ohio. However, because his Notice of Voluntary Dismissal [Doc. #49] was filed after these Defendants filed a motion to dismiss, the dismissal is not self-executing, but rather requires leave of the Court. Because Mr. Perotti is pursuing his remedies in Ohio, dismissal is appropriate. Indeed, the Sixth Circuit noted that he dismissed his complaint against the Ohio officials. Moreover, this Court does not have personal jurisdiction over these Ohio Defendants. Dismissal should be without prejudice to Mr. Perotti litigating his claims in federal court in Ohio.

#### B.     Personal Jurisdiction

The remaining defendants are all residents of Ohio, and the acts complained of occurred in Ohio. Mr. Perotti has not pled facts showing personal jurisdiction, nor has he

made a *prima facie* showing that Defendants Foche and Jason "LNU" have "continuous and systematic contacts" with the State of Michigan.[1] Mr. Perotti argued in his response to Defendants Place and Stech's motion to dismiss that as federal law enforcement officers, Deputy U.S. Marshals have sufficient contacts with all 50 states. However, as I found in my previous Report and Recommendation, that argument is completely without merit, and not surprisingly, Plaintiff did not cited a single case in support of that proposition. Again, the complaint alleges that all acts performed by these Defendants were performed in the State of Ohio, not Michigan.[2]

Nor does this Court have personal jurisdiction over Defendant Maury, the nurse in Ohio. Mr. Perotti has pled no facts showing that she has any contacts whatsoever with the State of Michigan. Thus, she may be dismissed notwithstanding that she has not been served.

Finally, all of these Defendants may be dismissed *sua sponte* for lack of personal jurisdiction. Affirming the *sua sponte* dismissal of a complaint in part because of lack of personal jurisdiction, the Sixth Circuit in *Hasan v. Waxxis Inv. N.V.*, 1988 WL 134513, *1 (6th Cir. 1988), explained, "[T]he plaintiff in a civil action has the duty to state the grounds upon which the jurisdiction of the court depends. Fed.R.Civ.P. 8(a)(1); *Walls v. Waste Resource Corp.,* 761 F.2d 311, 317 (6th Cir.1985). Even when liberally construed, *see e.g., Haines v. Kerner,* 404 U.S. 519 (1972), the complaint does not contain sufficient allegations to establish subject matter jurisdiction or personal jurisdiction over the defendant." *See also Caldwell v. City of Detroit*, 2007 WL 3104772, *4 (E.D. Mich.

---

[1] Defendant Jason "LNU" may in fact be Defendant Jason Place, who has already been dismissed.

[2] M.C.L. § 600.705, Michigan's long-arm statute, provides no basis for personal jurisdiction.

2007) (dismissing claims *sua sponte* for lack of personal jurisdiction). The Defendants should be dismissed without prejudice to Mr. Perotti pursuing his claims against them in a jurisdictionally appropriate forum, i.e., Ohio.

### IV. CONCLUSION

For these reasons, I recommend as follows:

(1) That pursuant to Plaintiff's request for voluntary dismissal and Fed.R.Civ.P. 41(a)(2), Defendants Fritsch, Favre, Sacco, Kaucheck and Guzic and Doe be DISMISSED, without prejudice to Plaintiff pursuing his claims in federal court in Ohio.

(2) That Defendants Foche, Jason "LNU," and Maury be dismissed *sua sponte* for lack of personal jurisdiction, without prejudice to Plaintiff pursuing his claims in an appropriate forum.

(3) That all other Defendants having been dismissed, this case be CLOSED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Date: February 20, 2013

### CERTIFICATE OF SERVICE

I hereby certify on February 20, 2013, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 20, 2013:

**John Perotti, #39656-060**
**Fairton Federal Correctional Institution**
**Inmate Mail/Parcels**
**P.O. Box 420**
**Fairton, NJ 08320**

        s/Terri L. Hackman
        Judicial Assistant to
        Magistrate Judge R. Steven Whalen