UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PEROTTI,

      Plaintiff,

                                     Case No. 05-60172

v.

                                     Hon. John Corbett O'Meara

HELEN MARLBERRY, *et al.,*         Magistrate Judge R. Steven Whalen

      Defendants.
_____/

**ORDER GRANTING MOTION FOR RELIEF FROM
JUDGMENT IN PART AND OVERRULING OBJECTIONS
TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Before the court are three motions for relief from judgment filed by Plaintiff as well as objections to Magistrate Judge R. Steven Whalen's February 20, 2013 report and recommendation. The court adopted Magistrate Judge Whalen's report and recommendation on March 22, 2013, after no objections were filed by that date. The court granted Plaintiff an extension of time until March 15, 2013, to file his objections. Plaintiff's objections were date-stamped on March 26, 2013. However, Plaintiff states that he submitted his objections to the prison mail room staff on March 15, 2013, for mailing. The court notes that Plaintiff's certificate of service for his objections is dated March 15, 2013, thus rendering the objections timely. See Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008) ("The defendants' focus on the court's date stamp overlooks the 'prison mailbox rule.' Under this relaxed filing standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.").

Accordingly, the court will consider Plaintiff's objections as they relate to the magistrate's February 20, 2013 report and recommendation. The magistrate judge recommended

that the remaining defendants (those not subject to Plaintiff's request for voluntary dismissal) be dismissed for lack of personal jurisdiction. The remaining defendants are all residents of Ohio and the acts complained of occurred in Ohio. Although Plaintiff states that certain U.S. Marshal defendants "caused him harm in the state of Michigan" and "transported [him] to Michigan," such vague and general allegations fall well short of the facts necessary to establish personal jurisdiction over these defendants in Michigan. Plaintiff bears the burden of establishing that personal jurisdiction exists. See Brunner v. Hampson, 441 F.3d 457, 462 (6th Cir. 2006). Viewing the allegations in the light most favorable to Plaintiff, they are insufficient to establish personal jurisdiction over Defendants.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for relief from judgment (Docket Nos. 188, 189, and 190) are GRANTED IN PART, to the extent Plaintiff's objections are deemed timely and were considered by the court.

IT IS FURTHER ORDERED that Plaintiff's objections to the magistrate's report and recommendation are OVERRULED.

s/John Corbett O'Meara
United States District Judge

Date:  June 5, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 5, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

-2-