UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PEROTTI,

        Plaintiff,

v.

MS. MARLBERRY, ET AL.,

        Defendants.

No. 05-60172

District Judge John Corbett O'Meara

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE SUBSTITUTE AMENDED COMPLAINT [Doc. #222]**

### I.  BACKGROUND

This case has a lengthy procedural issue. In 2005, Plaintiff John Perotti, a federal prison inmate, filed a *pro se* civil complaint against a number of Defendants, pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The case has twice been remanded by the Sixth Circuit. After this Court dismissed the action on June 1, 2006, based on a failure to exhaust administrative remedies, the Sixth Circuit reversed and remanded based on the intervening Supreme Court case of *Jones v. Bock*, 549 U.S. 199 (2007). Following this Court's subsequent dismissal of the complaint on the merits, the Plaintiff again appealed to the Sixth Circuit, which issued a decision on August 15,

-1-

2014, affirming in part and reversing in part [Doc. #197]. Specifically, the Sixth Circuit "vacate[d] the dismissal of [Plaintiff's] claim of deliberate indifference based on the alleged failure to treat his hepatitis." *Id*. at 7. The Court permitted Plaintiff to file an amended complaint consistent with its ruling. *Id*.

Thus, the surviving claim is a deliberate indifference claim against Defendants Marberry, Cozza-Rhodes, and Malatinsky. Proceeding *pro se*, Plaintiff filed a motion to amend his complaint on October 15, 2014 [Doc. #203]. On August 25, 2015, this Court denied Plaintiff's motion without prejudice because the proposed amended complaint raised claims beyond what the Sixth Circuit permitted. This Court noted that because Plaintiff was now represented by counsel, "it would be both prudent and efficient to have Plaintiff's lawyer review the matter, consult with his client, and decide whether and under what terms to file a motion to amend the complaint." [Doc. #221]. On September 25, 2015, Plaintiff, through counsel, filed the present "amended motion to amend" [Doc. #222].

## II.   STANDARD OF REVIEW

Despite the general rule of liberality with which leave to file amended complaints is to be granted under Fed.R.Civ.P. 15–and in this case, the Sixth Circuit permitted the filing of an amended complaint– when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment as futile. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th

Cir. 1980); *Thiokol Corporation v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993).

Whether an amendment would survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is assessed by the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Supreme Court explained and expanded on what it termed the "two-pronged approach" of *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007). First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

The parties are in agreement that certain portions of the proposed amended complaint can be stricken. Specifically, claims for declaratory and injunctive relief will be dropped, and Plaintiff will voluntarily dismiss Defendant Marberry. *See Plaintiff's Reply Brief* [Doc. #228], at 2.

This leaves Defendants Cozza Rhodes and Dr. Malatinsky. The Defendants object

to the inclusion of Cozza Rhodes, arguing that a deliberate indifference claim against her would not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), and thus naming her in the amended complaint would be futile. Ms. Cozza Rhodes argues that the amended complaint fails to allege that she was personally involved in the alleged constitutional violation, and that she cannot be charged with *respondeat superior* (supervisory) liability.

The plaintiff in a prisoner civil rights case, whether brought under 42 U.S.C. § 1983 or *Bivens*, must show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984). *Bellamy* held that it must be shown that supervisor "actively participated in or authorized" the challenged conduct. Mere failure to act does not amount to personal involvement. *Shehee v. Lutrelle* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Moreover, being aware of an inmate's complaint and failing to take action does not create liability under § 1983 or *Bivens*. *See Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

In the proposed amended complaint (Exhibit 1, Doc. #222), Cozza Rhodes is identified as a "detention center administrator" at the Federal Detention Center in Milan, Michigan. *Proposed Amended Complaint*, ¶ 6. Plaintiff alleges that he complained to Cozza Rhodes about Dr. Malatinsky's refusal to treat his hepatitis, but she "took no steps to obtain medical treatment for the virus." *Id*. ¶ 21. He alleges that Cozza Rhodes "acquiesced to Malatinsky's deliberate indifference to Perotti's serious medical needs."

*Id*. ¶ 22.

First, while the proposed amended complaint identifies Cozza Rhodes as an "administrator," there are no allegations from which it could plausibly be inferred that she had supervisory authority over Dr. Malatinsky.  Moreover, there is no allegation that Cozza Rhodes is a physician, that she has any medical training, or that she was in any way qualified or authorized to countermand the decision of a medical doctor.

Secondly, Plaintiff has not pled facts plausibly showing that Cozza Rhodes "actively participated in or authorized" the alleged withholding of treatment for hepatitis. While the Plaintiff states in conclusory fashion that Cozza Rhodes "acquiesced in" Malatinsky's deliberate indifference, the facts that are pled allege only that the Plaintiff complained to Cozza Rhodes about not receiving hepatitis treatment from Malatinsky, and she did nothing about it. Under *Shehee* and *Poe*, that it not enough to establish liability.

In his reply brief [Doc. #228], Plaintiff has referenced and attached his affidavit and other material purporting to show Cozza Rhodes' personal involvement in the alleged constitutional violation. Under *Iqbal*, the plausibility of a claim is determined with reference to the face of the complaint, not extrinsic materials. But more to the point, Plaintiff's submission shows only that at some point, he informed Cozza Rhodes about his medical condition, and she told him "they had a good doctor there and if I ever had a

problem to bring it to her." *Plaintiff's Affidavit*, ¶ 3.[1] This shows neither a supervisory position over Dr. Malatinsky nor personal involvement in Malatinsky's decision to not provide treatment for hepatitis. Again, Cozza Rhodes is not a doctor and it is *implausible* that she would be in a position to approve or disapprove medical decisions.

### IV.   CONCLUSION

Plaintiff's Motion to File Substitute Amended Complaint [Doc. #222] is GRANTED IN PART AND DENIED IN PART, as follows:

The motion is GRANTED as to the deliberate indifference claim against Defendant Malatinsky.

The motion is DENIED as to the deliberate indifference claim against Defendant Cozza Rhodes.

The motion is DENIED as to claims against Defendant Marberry.

The motion is DENIED as to claims for declaratory and injunctive relief.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2016

---

[1] In his affidavit, Plaintiff states that instead of looking into the problem with his lack of medical treatment, Cozza Rhodes retaliated against him by assigning him to a food service job. However, the proposed claim against Cozza Rhodes is deliberate indifference to medical needs, not retaliation.

CERTIFICATE OF SERVICE

      I hereby certify on July 31, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants July 31, 2016.

                                              s/Carolyn M. Ciesla
                                              Case Manager for the
                                              Honorable R. Steven Whalen