UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PEROTTI,  No. 05-60172

    Plaintiff,  District Judge John Corbett O'Meara

v.  Magistrate Judge R. Steven Whalen

MS. MARLBERRY, ET AL.,

    Defendants.
                                      /

**ORDER**

Plaintiff John W. Perotti has filed a motion to strike or restrict the use of his deposition or the deposition of Defendant Malatinski [Doc. #243]. He states that he opposing counsel and the court reporter refused to allow him to read, sign, or make changes to the transcript.

In response [Doc. #245], counsel for Defendant states that Plaintiff's former attorney advised that the court reporter would hand-deliver a copy of Plaintiff's deposition transcript to him at his place of incarceration. In his reply [Doc. #246], Plaintiff states that the prison officials confiscated the transcript because it did not come from an attorney or a court.

No matter. First, Plaintiff has not identified any error that occurred at the depositions that would suggest the unreliability of the transcripts. Moreover, the

transcripts have not in fact been offered to support any pleading or motion in this case, so any request or claimed basis to limit their use is at this point hypothetical and speculative.

Plaintiff argues that Defendants cannot use or refer to Malatinsky's transcript "because they have not provided a copy for Perotti to read and check for accuracy...."[1] However, neither Defendants nor this Court are required to pay for Plaintiff's discovery costs, including the cost of transcripts, notwithstanding his *in forma pauperis* status. In *Coates v. Kafcynski*, 2006 WO 416244, (W.D. Mich. 2006), the Court explained:

> "Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184–85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 'does not extend to the cost of taking and transcribing a deposition.'); *Ebenhart v. Power*, 309 F.Supp. 660, 661 (S.D.N.Y. 1969) ('Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.')."

---

[1] Plaintiff indicates that he has in fact paid for his own deposition expenses.

There is no basis to strike a transcript based on Defendants' alleged violation of a duty that does not exist.[2]

Accordingly, Plaintiff's motion to strike [Doc. #243] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 12, 2018

## CERTIFICATE OF SERVICE

I hereby certify on October 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 12, 2018.

s/Carolyn Ciesla
Case Manager to
Magistrate Judge R. Steven Whalen

---

[2] The court reporter has already indicated a willingness to provide a copy of Maltinsky's transcript to Plaintiff, and apparently has attempted to do so, only to be stymied by prison regulations regarding inmate mail. While the precise issue of Plaintiff's access to the transcript, as a discovery matter, is not before the Court, I suggest that a workable solution might be for the Defendant's counsel to provide a copy to the Plaintiff upon payment of reasonable copying costs.