UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN W. PEROTTI,

    Plaintiff,

v.

MS. MARLBERRY, ET AL.,

    Defendants.

                                      /

No. 05-60172

District Judge Laurie J. Michelson

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On August 13, 2019, counsel for Plaintiff John Perotti filed a Motion for Guidance and/or to Dismiss Case Due to Death [ECF No. 268]. I recommend that the motion be GRANTED and that the case be DISMISSED pursuant to Fed.R.Civ.P. 25(a)(1).

**I.  FACTS**

Plaintiff John Perotti, while a federal prison inmate, filed a *pro se* civil complaint against a number of Defendants, pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Pro bono* counsel was appointed on January 15, 2019. On July 20, 2019, Mr. Perotti died. *See Suggestion of Death*, ECF No. 269, with death certificate, ECF No. 269-1, PageID.1688-1691.

On August 29, 2019, the Court held a status conference with counsel, during which it was agreed that Plaintiff's counsel would attempt to locate any next of kin. On November 7, 2019, the Court held another status conference with counsel, at which it was revealed that Plaintiff in fact had executed a will. Plaintiff's counsel had spoken with an attorney who had been contacted by the sole beneficiary under the will, and who proposed to open an estate within the next 30 days. This attorney also expressed an intention to agree to dismiss this lawsuit voluntarily once the estate was opened. On November 12, 2019, I entered an order directing Plaintiff's counsel to serve a copy of the death certificate, along with the Court's order on the attorney for Plaintiff's estate or beneficiary [ECF No. 271]. The order expressly stated that it would "constitute formal notice under Rule 25(a)(1)," and that "[i]f a motion for substitution is not made within 90 days of service, the action will be dismissed." Counsel served a copy of this order on Matthew Hallett, Esq., the attorney for the estate on November 12, 2019, by email. *Certificate of Service*, ECF No. 272. Counsel certified that he "confirmed with Attorney Hallett that he had received the Order on November 12, 2019." *Id*.

## II.  DISCUSSION

Fed.R.Civ.P. 25(a)(1) provides as follows:

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Ninety days have elapsed since the attorney for Mr. Perotti's estate/successor was served with notice of the pendency of this action and of Mr. Perotti's death. No motion for substitution of party has been filed.  Therefore, Rule 25(a)(1) mandates dismissal.

## III.  CONCLUSION

I recommend that Counsel's Motion to Dismiss Case Due to Death [ECF No. 268] be GRANTED, and that the case be DISMISSED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis*

*v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 12, 2020          s/R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

I hereby certify on February 12, 2020 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants February 12, 2020.

                                   s/Carolyn M. Ciesla
                                   Case Manager for the
                                   Honorable R. Steven Whalen