UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| JOHN W. PEROTTI, | |
|---|---|
| Plaintiff, | Case No. 05-cv-60172 |
| | Honorable Laurie J. Michelson |
| v. | Magistrate Judge R. Steven Whalen |
| MS. MARLBERRY, et al, | |
| Defendants. | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [273] AND DISMISSING CASE**

Before the Court is Magistrate Judge R. Steven Whalen's Report and Recommendation to dismiss this case pursuant to Federal Rule of Civil Procedure 25 following Plaintiff's death. (ECF No. 273.) The report states that "[n]inety days have elapsed since the attorney for Mr. Perotti's estate/successor was served with notice of the pendency of this action and of Mr. Perotti's death. No motion for substitution of party has been filed. Therefore, Rule 25(a)(1) mandates dismissal." (ECF No. 273, PageID.1700.) The Report further notifies the parties that they were required to file any objections within fourteen days of service, as provided in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 273, PageID.1700.) The time to file objections has expired and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*,

474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and ADOPTS the Report and Recommendation. (ECF No. 273.) It follows the case is DISMISSED.

SO ORDERED.

Dated: March 2, 2020

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 2, 2020.

                                          s/Erica Karhoff
                                          Case Manager to the
                                          Honorable Laurie J. Michelson